UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JASPER HARPER,

    Plaintiff,

  v.                Case No. 24-cv-1530-bhl

NIKOLO QUINONES, et al.,

    Defendants.

---

## SCREENING ORDER
---

  Plaintiff Daniel Jasper Harper, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Harper's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

  Harper has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Harper has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $41.87. The Court will grant Harper's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

  The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Harper is an inmate at the Wisconsin Resource Center. Dkt. No. 1. Defendants are Dr. Nikolo Quinones and Nurse Tory Hartmuth. *Id*. at 1-2. On July 25, 2024, Dr. Quinones ordered Harper to take an antibiotic injection (Ceftriaxone) that he did not want to take. *Id*. at 4. Harper

told Nurse Hartmuth, who had to administer the medication, that he did not want to take the medication. *Id*. at 4-5. He stated that there was no active court order requiring him to take it. *Id*. Nurse Hartmuth responded that there was a court order, from November 2023, for diabetic injections; and she refused to acknowledge that the court order did not apply to antibiotic injections or any other form of medical treatment other than diabetic injections. *Id*. Nurse Hartmuth reiterated that he could not refuse the medication. *Id*. at 5. Harper states that he was then surrounded by "a large number of security staff" and the medication was injected into his left buttock. *Id*. He states that he did not resist because he was afraid for his safety. *Id*. For relief, Harper seeks monetary damages. *Id*. at 5-6.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Harper asks to proceed on a Fourteenth Amendment due process claim. Dkt. No. 1 at 6. The Fourteenth Amendment protects against deprivations of life, liberty, and property without due process of law. *Knight v. Grossman*, 942 F.3d 336, 341–42 (7th Cir. 2019). The Supreme Court has recognized that "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment." *Cruzan v. Dir. Mo. Dep't of Health*, 497 U.S. 261, 278 (1990). Similarly, prisoners retain a liberty interest in refusing forced medical treatment while incarcerated. *See Washington v. Harper*, 494 U.S. 210, 221–22 (1990). The relevant question in a Fourteenth Amendment due process claim is "whether the defendant was deliberately indifferent to the prisoner's right to refuse treatment." *Knight*, 942 F.3d at 343. While claims under the Eighth and Fourteenth Amendments both require deliberate indifference, "the inquiries are

3

distinct." *Id*. The Eighth Amendment focuses on deliberate indifference towards a serious medical need, while the Fourteenth Amendment focuses on deliberate indifference towards the right to refuse treatment.

A prisoner's right to refuse treatment may be "outweighed by a countervailing state interest," however. *Id.* For example, "forced medication [may be] needed to avoid the spread of contagious disease or to quell disruptive behavior." *Id*. "If legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then there is no constitutional right to refuse treatment…" *Id*. (internal citations omitted). Indeed, "[a] prisoner's right to refuse medical treatment cannot be infringed by a prison regulation that is 'reasonably related to legitimate penological interests.'" *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Harper alleges that, on July 25, 2024, Dr. Quinones and Nurse Hartmuth forced him to take an antibiotic injection (Ceftriaxone) that he did not want to take. Harper states that, when he objected to the medication, he was surrounded by security staff and was told several times that he could not refuse. He states that Dr. Quinones and Nurse Hartmuth referred to a prior court order that they knew only applied to his diabetic treatment in order to force other treatment he didn't want. Further development of the record may reveal legitimate penological interests required administration of the antibiotic injection. But at this stage of the litigation, Harper may proceed on a Fourteenth Amendment due process claim in connection with allegations that Dr. Quinones and Nurse Hartmuth forced unwanted medical treatment (an antibiotic injection) at the Wisconsin Resource Center on July 25, 2024.

## CONCLUSION

The Court finds that Harper may proceed on a Fourteenth Amendment due process claim in connection with allegations that Dr. Quinones and Nurse Hartmuth forced unwanted medical treatment (an antibiotic injection) at the Wisconsin Resource Center on July 25, 2024.

4

**IT IS THEREFORE ORDERED** that Harper's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Harper's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Quinones and Nurse Hartmuth.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Quinones and Nurse Hartmuth shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Harper shall collect from his institution trust account the **$308.13** balance of the filing fee by collecting monthly payments from Harper's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harper is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harper's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Harper is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

5

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harper is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harper may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on February 7, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6

Case 2:24-cv-01530-BHL   Filed 02/07/25   Page 6 of 6   Document 8