UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JASPER HARPER,

        Plaintiff,

v.                       Case No. 24-cv-1530-bhl

NIKOLO QUINONES et al.,

        Defendants.

---

**DECISION AND ORDER**

---

  Plaintiff Daniel Jasper Harper, who is confined at the Wisconsin Resource Center and representing himself, is proceeding on a Fourteenth Amendment claim against Defendants Dr. Nikolo Quinones and Nurse Tory Harmuth based on allegations that they were deliberately indifferent to his right to refuse an unwanted antibiotic injection. Defendants filed a motion for summary judgment on October 23, 2025. Dkt. No. 15. They also filed a motion to seal documents based on the sensitive and confidential nature of the information contained within their summary judgment materials. Dkt. No. 16.

  In a notice and order, the Court reminded Harper that under Civil L. R. 56(b)(2) his response materials were due November 24, 2025. Dkt. No. 22. The Court warned Harper that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in their favor and the case being dismissed. The deadline has passed, and Harper has not responded to the motion.

  The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See*

Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Harper's failure to respond, no jury could reasonably conclude that Defendants were deliberately indifferent to Harper's right to refuse treatment because Harper consented to receiving the antibiotic injection. *See* Dkt. No. 18 at ¶88. Accordingly, Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 15) is **GRANTED**, Defendants' motion to seal documents (Dkt. No. 16) is **GRANTED**, and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.